# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JASON C. FARRINGTON, BAR NO. 8063.

No. 69705

**FILED**

MAR 25 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER IMPOSING RECIPROCAL DISCIPLINE

This is a petition under SCR 114 for reciprocal discipline of attorney Jason C. Farrington, based on discipline imposed in Arizona. Farrington did not self-report the disciplinary sanctions imposed by Arizona as required by SCR 114(1), and he has not responded to the petition. *See* SCR 114(3). Farrington was admitted to the practice of law in Nevada in 2002 and has no prior disciplinary history, but he was administratively suspended in Nevada on April 10, 2014, for failure to comply with mandatory continuing legal education (CLE) requirements, and he has not sought reinstatement under SCR 213.

Based on an agreement for discipline by consent, on July 13, 2015, the presiding disciplinary judge for the Arizona Supreme Court reprimanded Farrington and placed him on probation for two years. During the probationary period, Farrington, who was already suspended in Arizona for failing to comply with mandatory CLE requirements, must file quarterly reports to the State Bar of Arizona that he has remained out of the practice of law. He must also undergo at his expense a Law Office Management Assistance Program (LOMAP) and Member Assistance Program (MAP) screening if he returns to the practice of law.

The discipline in Arizona is based on Farrington's admission to allegations that he failed to communicate with and/or perform services for clients in three bankruptcy cases and that he failed to respond to inquiries from the State Bar of Arizona. He further agreed that based on this conduct he had violated Arizona Ethics Rules 1.3 (diligence), 1.4

16-09480

(communication), 1.16 (terminating representation), 3.2 (expediting litigation), 8.1 (disciplinary matters), and 8.4 (misconduct). These provisions are identical or substantially similar to Nevada Rules of Professional Conduct 1.3, 1.4, 1.16, 3.2, 8.1, and 8.4. The Arizona disciplinary judge weighed the same factors that this court has determined to be relevant in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In particular, the Arizona disciplinary judge considered aggravating factors (selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agent, and substantial experience in the practice of law) and mitigating factors (absence of a prior disciplinary record, absence of a dishonest motive, and remorse) that are similar to those set forth in SCR 102.5. Finally, the judge took into consideration the parties' agreement that the violations happened during a time when Farrington was changing careers to leave the practice of law and the fact that Farrington was already summarily suspended for CLE noncompliance and posed no threat to the public or the profession. Given all these considerations, the judge found that the proposed sanctions of reprimand and probation met the objectives of attorney discipline.

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that at least one of four factors is present: (1) the procedure in the other jurisdiction denied the attorney due process; (2) there was such an infirmity of proof of the misconduct in the other jurisdiction that this court

cannot accept the other court's decision; (3) substantially different discipline is warranted in this state; or (4) the established misconduct does not constitute misconduct under the rules of this state. Discipline elsewhere is res judicata, as SCR 114(5) provides that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for the purposes of a disciplinary proceeding in this state."

We are not persuaded that any of the exceptions apply to this case. Accordingly, we grant the petition for reciprocal discipline. Farrington is reprimanded for his conduct in violation of the Nevada Rules of Professional Conduct and shall be placed on probation for two years retroactive to July 13, 2015. He shall comply with the conditions of probation imposed by Arizona and complete a monitoring agreement with the State Bar of Nevada for the duration of his probation in the event that he is reinstated to the practice of law in Nevada. The Nevada State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

(O) 1947A

cc: C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Jason C. Farrington
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Officer, United States Supreme Court